IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIFIRST HOLDINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-00554-JD |
| | ) |
| LEEDS WEST GROUP, LLC, a Colorado | ) |
| limited liability company also known as | ) |
| Leeds West Investment Group IV, LLC, | ) |
| doing business as Big O Tires, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Leeds West Group, LLC's ("Leeds West") Motion to Dismiss ("Motion") [Doc. No. 8], which seeks dismissal of Plaintiff Unifirst Holdings, Inc.'s ("Unifirst") petition [Doc. No. 1-2]. Unifirst responded in opposition [Doc. No. 10], Leeds West replied [Doc. No. 11], and, with leave of Court, Unifirst filed a supplement [Doc. No. 16]. For the reasons stated below, the Court denies Leeds West's motion.

**I.    BACKGROUND**

Unifirst and Leeds West entered into a written contract—the Customer Service Agreement ("CSA")—on October 13, 2021. Pet. [Doc. No. 1-2] ¶ 1. Under the CSA, Unifirst was to provide certain services and rental products, and the agreement was effective until December 10, 2026. *Id.* ¶¶ 1, 3. The CSA contained an arbitration clause, which provided that if a dispute arose from the agreement and the parties could not

resolve it through direct negotiations, then the dispute was to "be resolved exclusively by final and binding arbitration." *Id.* ¶ 5.

Unifirst alleges that Leeds West breached the CSA in January 2022 by only partially paying for the services it accepted in the agreement. *Id.* ¶ 4. Unifirst initiated arbitration proceedings and sent Leeds West a demand for arbitration, but Leeds West refused to participate in arbitration. *Id.* ¶¶ 6–7. Unifirst then filed a petition to compel arbitration in the District Court of Oklahoma County, Oklahoma, and requested that if the court deemed the matter "not arbitrable," it would hear Unifirst's "claims for breach of contract, quantum meruit and any other legal or equitable bases for recovery of its damages." *Id.* ¶ 10. Leeds West then removed the action to this Court on the basis of diversity of citizenship under 28 U.S.C. §§ 1332 and 1441(b), *see* [Doc. No. 1 ¶ 4], and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court must "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017).

### III. ANALYSIS

#### A. The Court will not consider the settlement agreement or convert the Motion to a motion for summary judgment.

Leeds West's Motion largely hinges on a settlement agreement that allegedly terminated the CSA and bars Unifirst's claims. Motion at 9–11. "Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). However, "[e]xceptions to this general rule include the following: [1] documents incorporated by reference in the complaint; [2] documents referred to in and central to the complaint, when no party disputes [their] authenticity; and [3] 'matters of which a court may take judicial notice.'" *Id.* (alterations added) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)).

Leeds West argues the Court should consider the settlement agreement under the second *Berneike* exception because Leeds West "identified the Settlement Agreement as the primary reason for refusing to participate in any arbitration" in communications with Unifirst and the settlement agreement "is a document central to the dispute that is indisputably authentic." Motion at 5. However, the settlement agreement does not satisfy any of the *Berneike* exceptions because the petition neither refers to the settlement

agreement nor incorporates it by reference. The settlement agreement does not appear on the state court docket, and Leeds West does not argue that the Court can take judicial notice of it. Thus, the settlement agreement is a document outside the pleadings.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "When presented with a Rule 12(b)(6) motion, the district court has broad discretion in determining whether to accept materials beyond the pleadings" or to "refus[e] to convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment." *Brokers' Choice of Am., Inc.*, 861 F.3d at 1103. Here, the Court finds it proper to exclude the settlement agreement from its consideration rather than convert the Motion into a motion for summary judgment.[1]

### B. Unifirst has sufficiently pleaded claims for breach of contract and quantum meruit.

Although much of the parties' briefing focuses on whether this dispute should be resolved via arbitration, there is no motion to compel arbitration before the Court,[2] and a

---

[1] Leeds West's Motion reads like a motion to enforce a settlement agreement. The Court "has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). Here, the parties allegedly entered the settlement agreement before this action began, and Unifirst claims the settlement agreement "was procured through fraud and is invalid." [Doc. No. 16 ¶ 6]. "[W]here material facts concerning the existence or terms of an agreement to settle are in dispute," resolution at the pleading stage is typically inappropriate because "the parties must be allowed an evidentiary hearing." *See Hardage*, 982 F.2d at 1496.

[2] After removal from state court, the Federal Rules of Civil Procedure apply. Fed. R. Civ. P. 81(c)(1). Rule 7(b)(1) requires that a "request for a court order must be made by motion," and the motion must be in writing, state with particularity the grounds for

12(b)(6) motion tests whether a complaint has "state[d] a *claim* upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (emphasis added). Accordingly, the resolution of Leeds West's Motion depends on the sufficiency of the claims underlying the dispute, not the proper forum for those claims' resolution.

Unifirst brings "claims for breach of contract, quantum meruit and any other legal or equitable bases for recovery of its damages." Pet. [Doc. No. 1-2] ¶ 10. The parties entered into the contract at issue in Oklahoma, and the contract contains a choice of law provision stating that the "Agreement shall be governed by Massachusetts law (exclusive of choice of law)." *Id.* ¶¶ 1, 5. In Oklahoma, "the general rule is that a contract will be governed by the laws of the state where the contract was entered into unless otherwise agreed and unless contrary to the law or public policy of the state where enforcement is sought." *Berry & Berry Acquisitions, LLC v. BFN Props. LLC*, 2018 OK 27, ¶ 13, 416 P.3d 1061, 1068 (cleaned up). Because the CSA states that Massachusetts law governs any disputes arising out of the contract, the Court will assume that Massachusetts law governs this contract dispute.

In Massachusetts, a plaintiff must show the following elements to prevail on a breach of contract claim: "that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his

---

seeking the order, and state the relief sought. Fed. R. Civ. P. 7(b)(1); *cf.* LCvR81.2(b) (explaining that requests pending at the time of removal are considered withdrawn absent the party filing a notice of pending motion within thirty days of removal). The parties must confer through counsel before filing any motions, and the parties and counsel should remember any such filings are subject to Rule 11(b). *Compare* Pet. [Doc. No. 1-2] ¶ 4, *with* [Doc. No. 8-1].

or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result." *Bulwer v. Mount Auburn Hosp.*, 46 N.E.3d 24, 39 (Mass. 2016). Unifirst's petition plausibly alleges that an agreement, supported by consideration, existed between the parties, and that Unifirst was willing and able to perform its end of the bargain. *See* Pet. [Doc. No. 1-2] ¶¶ 1, 3, 4. The petition alleges a breach of the contract, and although it does not specify the damages Unifirst suffered, it does generally allege damages. *Id.* ¶¶ 4, 10. Thus, Unifirst has stated a plausible claim for breach of contract under Massachusetts law.

Leeds West's Motion argues that its agent who signed the agreement did not have authority to enter the contract, and, regardless, a later settlement agreement terminated the agreement and bars Unifirst's claims. Motion at 7–11. As Unifirst correctly notes, an agent's authority is a question of fact that is not appropriately resolved at the pleading stage. *See Baldwin's Steel Erection Co. v. Champy Constr. Co.*, 234 N.E.2d 763, 765 (Mass. 1968) ("The authority of an agent is a question of fact . . . ." (citations omitted)); *N.H. v. Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 12, 998 P.2d 592, 598 ("Agency is generally a question of fact determined by the trier of fact."). Further, Leeds West's arguments about the alleged settlement agreement address issues of accord and satisfaction and release. These issues are affirmative defenses to be raised in an answer, not typically grounds for dismissal under Rule 12(b)(6). *See* Fed. R. Civ. P. 8(c)(1). "A plaintiff need not anticipate in the complaint an affirmative defense that may be raised by the defendant; it is the defendant's burden to plead an affirmative defense." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

As for Unifirst's quantum meruit claim, in Massachusetts, "[q]uantum meruit 'is a claim independent of an assertion for damages under the contract, although both claims have as a common basis the contract itself.'" *Liss v. Studeny*, 879 N.E.2d 676, 682 (Mass. 2008) (citation omitted). Quantum meruit "is an obligation that arises under quasi contract theory in which an obligation is created by law for reasons of justice, without any expression of assent and sometimes even against a clear expression of dissent." *Id.* (cleaned up). "The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party." *Id.* (citation omitted). However, "[r]ecovery in quantum meruit presupposes that no valid contract covers the subject matter of a dispute," and "[w]here such a contract exists, the law need not create a quantum meruit right to receive compensation for services rendered." *Boswell v. Zephyr Lines, Inc.*, 606 N.E.2d 1336, 1342 (Mass. 1993).

Here, Unifirst has plausibly alleged that Leeds West was unjustly enriched by "accepting service" under the CSA but "only partially paying for the services." Pet. [Doc. No. 1-2] ¶ 4. Although Unifirst cannot recover under a quantum meruit claim if a valid contract existed between the parties, it "may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Therefore, Unifirst has stated a plausible claim for quantum meruit as well as breach of contract.

IV. **<u>CONCLUSION</u>**

For these reasons, the Court DENIES Leeds West's Motion to Dismiss [Doc. No. 8].

IT IS SO ORDERED this 1st day of October 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE